**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

Choice Electric, LLC,

Debtor.

Bankruptcy Case No. 25-17873 TBM
Chapter 11

———————————————————————————————————

## ORDER DENYING APPROVAL OF FEE APPLICATION WITHOUT PREJUDICE
———————————————————————————————————

THIS MATTER comes before the Court on "First Interim Application of Dutkiewicz and Associates, LLC for Allowance of Compensation as Financial Advisor for the Debtor Choice Electric, LLC" (Docket No. 194, the "Fee Application") submitted by Dutkiewicz and Associates, LLC (the "Applicant").

Michael Best & Friedrich LLP (the "Firm") submitted the Fee Application on behalf of the Applicant, along with a Coversheet, on May 26, 2026, and provided notice and an opportunity to object to the Application to creditors and parties in interest pursuant to L.B.R. 9013-1 (Docket Nos. 195 and 196).  No objections were timely made, and the Firm submitted a Certificate of Non-Contested Matter (Docket No. 223) on June 11, 2026.

The Court has reviewed the Fee Application and finds that, in submitting the Fee Application, the Applicant has not complied with L.B.R. 2016-1(a) and 11 U.S.C. § 330.  As a result, the Applicant has not provided sufficient information about the services provided to the estate for which it seeks compensation. Therefore, notwithstanding the lack of objection to the Fee Application, the Court denies the request for approval of the fees requested in the Application without prejudice.

### Discussion

L.B.R. 2016-1 provides, in relevant part:

(a) **Form of Fee Application**. Except for those applying for fees pursuant to L.B.R. 2016-3(a), every request for professional compensation to be paid by the estate pursuant to 11 U.S.C. §§ 330 or 331 must include:
(1) A completed cover sheet in substantial conformity with L.B.F. 2016-1.1;
(2) A fee application that contains the following information:

1

(A) Introduction. The introductory statement must set forth a brief history of the case, pending matters, and future matters anticipated before closure of the case.

(B) Narrative by Category. The professional fee application must contain a narrative that describes the work performed divided in categories of major/significant services. Within each category, the narrative must describe:

(i) the nature of the services;

(ii) the results obtained, if any;

(iii) the benefits to the estate;

(iv) a general description of any additional work remains to be done with respect to the matter;

(v) a statement of the number of hours spent on the particular matter and by whom; and

(vi) the portion of the total fee applicable to the particular category.

(C)Time Records.

(i) The fee application must attach as a separate exhibit a copy of detailed time entries from records kept contemporaneously by the applicant, including the date of the work performed, the individual performing the services, an allocation of time spent on each task (expressed in tenths of an hour), the total fee for each task, and a detailed description of the work performed.

(ii) No Lumping.

(iii) The applicant must establish separate billing categories for daily time entries so that the time entries of all professionals working on a particular matter will be billed separately to that matter.

11 U.S.C. § 330 provides, in relevant part:

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

The Fee Application does not comport with L.B.R. 2016-1(a)(2)(B) since the Fee Application lacks "a statement [by category] of the number of hours spent on the particular matter and by whom" and also fails to include "the portion of the total fee

2

applicable to the particular category." Furthermore, the Fee Application does not comport with L.B.R. 2016-1(a)(2)(C)(ii) as the Applicant lumps various activities together. Finally, the Fee Application does not comport with 11 U.S.C. § 330(3)(e) as the Applicant did not include adequate information as to the "demonstrated skill and experience in the bankruptcy field" of the Applicant, in either the Fee Application or the "Ex Parte Application to Employ Dutkiewicz & Associates, LLC as Financial Consultants to the Debtor-In-Possession" (Docket No. 61).

Accordingly, it is

ORDERED that the request to approve the Fee Application is denied without prejudice to the submission of a **new** fee application that fully complies with L.B.R. 2016-1(a) and 11 U.S.C. § 330.

DATED this 24th day of June, 2026.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge